UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CARVAUGHN JOHNSON, | : | Case No. 3:21CV1514 (KAD) |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN KRISTINE BARONE et al., | : | FEBRUARY 4, 2022 |
| *Defendants*. | : | |

## **INITIAL REVIEW ORDER**

Plaintiff, Carvaughn Johnson ("Plaintiff"), currently incarcerated at MacDougall-Walker Correctional Institution, brings this civil rights action *pro se* against Warden Kristine Barone, Captains Walsh and Roy, Administrative Remedy Coordinator Bennett, Officers Drozdowska and Agosto, and Counselor Stanley. His claims arise out of an incident involving his receipt of legal mail on or about June 28, 2021 and the events that followed.[1] He seeks money damages and declaratory relief. For the reasons set forth below, the complaint is dismissed without prejudice as to First Amendment claims asserted against Officer Drozdowska in her individual capacity. All other claims are dismissed with prejudice.

**Standard of Review**

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* In undertaking this review, the court is obligated to "construe" complaints "liberally and interpret[] [them] to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013)

---

[1] Only named defendants Agosto and Drozdowska were involved in the incident giving rise to this claim. All other defendants are named as a result of their action (or inaction) following the Plaintiff's complaints or grievances regarding the incident with Agosto and Drozdowska.

(internal quotation marks and citation omitted). This standard of review "appl[ies] to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid [a] filing fee." *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004) (internal quotation marks and citation omitted).

Although detailed allegations are not required under Rule 8(a) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).[2]

**Allegations**

On June 28, 2021, Plaintiff returned from work to the L-1 Housing Unit. He stopped at the Officer's station to report that he was back from work and to check if he had any mail. Officer Agosto advised him that he had mail and began to hand the mail to him. At that point Officer Drozdowska "snatched the Plaintiff's mail out of Officer Agosto's hand." Pl.'s Compl. ¶ 14. Officer Drozdowska opened the mail and began reading it. The mail was "legal mail"

---

[2] The court limits its review for purposes of 28 U.S.C. § 1915A to federal law claims because the purpose of an initial review order is to determine whether the lawsuit may proceed at all in federal court. If there are no facially plausible federal law claims, then the court would decline to exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367. On the other hand, if there are any viable federal law claims that remain, then the validity of any accompanying state law claims may be appropriately addressed in the usual course by way of a motion to dismiss or motion for summary judgment. Further, the court's determination upon initial review that any claim may proceed against a defendant is without prejudice to the right of any defendant to seek

addressed from the Court. *Id.* Plaintiff asked Officer Drozdowska for the legal mail, but Drozdowska refused, saying "you like to file lawsuits, who are you suing now, is it still Deputy Warden Ogando?" *Id.* Plaintiff proceeded to his cell without his mail. At that point, Officer Drozdowska followed the Plaintiff to his cell "harassing, taunting, intimidating" him, saying, "these black people think they are entitled." *Id.* Plaintiff asked Officer Drozdowska to leave him alone, but she responded, "I can do what I want with the mail" and continued to "harass Plaintiff in front of the unit top tier that was out for recreation, violating the Plaintiff's First Amendment Rights/Access to the Courts." *Id.* After Officer Drozdowska returned to the Officer's station, Officer Agosto delivered Plaintiff's mail to him at his cell. The remainder of the allegations relate to Plaintiff's complaints and grievances regarding this incident and the failure of various named defendants to adequately address the situation.[3]

**Discussion**

Although Plaintiff lists multiple statutes, constitutional provisions and state laws in his complaint, the complaint can only be fairly read to raise First Amendment claims—retaliation, access to courts and the right to legal mail. *See e.g.,* Pl.'s Compl. ¶ 30 ("The court will see upon review of Plaintiff's Complaint that the Plaintiff has been continuously retaliated against for exercising his First Amendment rights due to his filing of his previous lawsuits Cases Numbered 3:14-cv-856 (SRU) & 3:18-cv-694 (CSH).").

---

dismissal of any claims by way of a motion to dismiss or motion for summary judgment.

[3] Plaintiff asserts that he complained to Captain Walsh, Captain Roy, and Warden Barone but received no response, "showing deliberate indifference." He alleges he asked for the video to be preserved by writing to Counselor Stanley, who did not respond, "showing deliberate indifference." He alleges that he did not receive a response to his Level 2 Grievance from Coordinator Bennett, which shows her "deliberate indifference. *See* Pl. Compl. ¶¶ 18–21, 24. These claims are discussed *infra.*

*Retaliation*

To plead a First Amendment retaliation claim, an inmate must plausibly allege: "(1) that the [inmate's] speech or conduct…was protected; (2) that the defendant took adverse action against the plaintiff; (3) and that there was a causal connection between the protected speech and the adverse action." *Dolan v. Connolly,* 794 F.3d 290, 294 (2d Cir. 2015) (internal quotation marks and citation omitted). "[A]dverse action on the part of the defendants" is defined as conduct "that would deter a similarly situated individual of ordinary firmness from exercising... constitutional rights." *Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004) (citing *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003). "Otherwise the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection." *Davis*, 320 F.3d at 353 (internal citation omitted). The Court's inquiry must be "tailored to the different circumstances in which retaliation claims arise," bearing in mind that "[p]risoners may be required to tolerate more...than average citizens…before a [retaliatory] action taken against them is considered adverse." *Id* (citation omitted). As to the third requirement, the plaintiff must show that "the protected conduct was a substantial or motivating factor" for the defendant's action. *Holland v. Goord,* 758 F.3d 215, 225 (2d Cir. 2014) (internal quotation marks and citation omitted).

Further, a district court must "approach prisoner retaliation claims with skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act." *Dolan,* 794 F.3d at 295 (quoting *Davis,* 320 F.3d at 352). Thus, retaliation claims "stated in wholly conclusory terms" are insufficient. *Id.* (internal quotation marks and citations omitted).

Preliminarily, the Court observes that there are no allegations which implicate Officer Agosto in any alleged constitutional violation. To the contrary, he is alleged to have attempted to give the Plaintiff his mail when requested to do so, and thereafter, delivered the Plaintiff's mail to him in his cell. Any claim against Officer Agosto is therefore dismissed.

With respect to the claim against Officer Drozdowska, there is no question that the bringing of a civil rights complaint is protected speech. *Davis*, 320 F.3d at 352–53 (explaining that the filing of prison grievances is a constitutionally protected activity). And given the allegation that Officer Drozdowska opened and read Plaintiff's legal mail and questioned him about the filing of lawsuits, the allegations give rise to an inference of retaliatory motive. However, the allegations do not, even if proven, constitute an "adverse action" for purposes of a First Amendment retaliation claim. Plaintiff alleges a brief temporary deprivation of his mail and verbal, arguably racially motivated, harassment. However, insulting or disrespectful comments directed at an inmate generally do not rise to the level of an adverse action. *Id.* at 352; *Dawes v. Walker,* 239 F.3d 489, 492 (2d Cir. 2001) (finding that calling inmate a "rat" was not a constitutional violation); *see also Hayes v. Dahlke,* 976 F.3d 259, 274 (2d Cir. 2020) ("prisoners may be required to tolerate more than average citizens before a retaliatory action taken against them is considered adverse) (quoting *Davis*, 320 F.3d at 253). Indeed, verbal abuse, "no matter how repugnant, does not give rise to a constitutional violation because 42 U.S.C. § 1983 is not designed to rectify harassment or verbal abuse but specific constitutional violations." *Keesh v. Quick*, No. 19-CV-08942 (PMH), 2021 WL 639530, at *10 (S.D.N.Y. Feb. 17, 2021) (citing *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986)). Accordingly, as inappropriate as the alleged conduct is, the allegations do not rise to the level of a constitutional deprivation.

5

*See D'Attore v. New York City,* No. 10 Civ. 6646 (WHP)(JCF), 2012 WL 2952853, at *6 (S.D.N.Y. July 19, 2012) (citing *Baskerville v. Goord,* No. 97 Civ. 6413, 2000 WL 897153, at *3 (S.D.N.Y. July 6, 2000) ("Mere verbal abuse or the use of racial slurs or epithets reflecting racial prejudice, although reprehensible, does not form the basis of a claim pursuant to [Section] 1983.")); *Haussman v. Fergus,* 894 F. Supp. 142, 149 n. 20 (S.D.N.Y. 1995) ("Offensive racial comments cannot form the basis of a [Section] 1983 claim.").

*Access to Courts*

To the extent the allegations are intended to allege a First Amendment violation for denying Plaintiff access to the courts, such a claim would also fail. "Interference with legal mail implicates a prison inmate's rights to access the courts and free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution." *Davis*, 320 F.3d at 351. To state a claim for denial of access to the courts due to interference with legal mail, a plaintiff must allege that the defendant "took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim.'" *Id.* (quoting *Monsky v. Moraghan,* 127 F.3d 243, 247 (2d Cir.1997). The Plaintiff must allege that the "defendant's alleged conduct was deliberate and malicious," and that the Plaintiff suffered an "actual injury … such as the dismissal of an otherwise meritorious legal claim." *Cancel v. Goord,* No. 00 Civ. 2042 LMM, 2001 WL 303713, at *4 (S.D.N.Y. Mar. 29, 2001) (citing *Lewis v. Casey,* 518 U.S. 343, 353 (1996))." Here, Plaintiff does not allege any actual injury resulting from the short-lived deprivation of his legal mail.

*Access to Mail*

"In addition to the right of access to the courts, a prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment." *Davis,* 320 F.3d at 351. And

restrictions on prisoners' mail are justified only if they "further[ ] one or more of the substantial governmental interests of security, order, and rehabilitation...[and] must be no greater than is necessary or essential to the protection of the particular governmental interest involved." *Id.* (quoting *Washington v. James,* 782 F.2d 1134, 1139 (2d Cir.1986)) (internal quotation marks and citations omitted). "In balancing the competing interests implicated in restrictions on prison mail, courts have consistently afforded greater protection to legal mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming mail." *Id.*; *see also Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989). Nevertheless, an isolated incident of mail tampering is usually insufficient to establish a constitutional violation. *See Morgan v. Montanye,* 516 F.2d 1367, 1371 (2d Cir. 1975); *Washington,* 782 F.2d at 1139. The inmate must show that prison officials "regularly and unjustifiably interfered with the incoming legal mail." *Davis*, 320 F.3d at 351 (quoting *Cancel*, 2001 WL 303713, at *6).  Here, Johnson alleges only a single isolated incident of mail tampering by a single correction officer. He does not allege any ongoing or policy-driven interference with his legal mail or any injury he suffered as a result of this isolated incident. This is insufficient to plausibly state a First Amendment claim.

*Grievances*

As noted above, the remainder of the Plaintiff's claims derive from the other named defendants' failure to adequately respond to his complaints or the denial of his grievance. However, inmates have no constitutional entitlement to grievance procedures, to receive a response to a grievance, or to have a grievance properly processed. *See Riddick v. Semple*, 731 F. App'x 11, 13 (2d Cir. 2018) (claim relating to grievance procedures "confuse[d] a state-created procedural entitlement with a constitutional right"; "neither state policies nor 'state statutes...

7

create federally protected due process entitlements to specific state-mandated procedures.") (quoting *Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003)). In addition, "prisoners do not have a due process right to a thorough investigation of grievances." *Tafari v. McCarthy*, 714 F. Supp. 2d 317, 347 (N.D.N.Y. 2010) (citing *Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003) ("The corrections officers' failure to properly address [plaintiff's] grievances by conducting a thorough investigation to his satisfaction does not create a cause of action for denial of due process because [plaintiff] was not deprived of a protected liberty interest.")). Accordingly, Plaintiff's allegations that Warden Barone did not properly investigate his complaint; that Captains Walsh and Roy did not respond to his complaint; that Administrative Remedies Coordinator Bennett failed to respond to his Level 2 grievance; and, that Counselor Stanley did not respond to his request to preserve video footage, fail to state a plausible claim under the Fourteenth Amendment and these claims are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

**ORDERS**

In accordance with the foregoing analysis, the court enters the following orders:

(1) All claims against Officer Agosto, Warden Barone, Captains Roy and Walsh, Counselor Stanley and Coordinator Bennett are **DISMISSED.** The First Amendment retaliation claim against Officer Drozdowska is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). On or before March 7, 2022 Plaintiff may file an amended complaint to reassert and clarify his First Amendment retaliation claim if he believes there are allegations which would support a finding that he suffered an "adverse action" of constitutional magnitude. Failure to file an amended complaint will result in the closing of this case.

(2) The Clerk shall send a copy of this order to Plaintiff.

8

(3) Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the Court.

SO ORDERED at Bridgeport, Connecticut this 4th day of February 2022.

/s/ *Kari A. Dooley*
Kari A. Dooley
United States District Judge